# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ACE ELECTRIC, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:07-cv-87(HL) |
| SRC CONSTRUCTION, INC., MOODY FAMILY HOUSING, LLC, and ARCH INSURANCE COMPANY, | : |
| Defendants. | : |

# ORDER

Ace Electric, Inc. (Ace) filed a complaint against SRC Construction, Inc. (SRC), Moody Family Housing, LLC (Moody), and Arch Insurance Company alleging, among other things, that SRC breached a subcontract by failing to pay Ace $917,118.53 for work done under the contract. After removing the complaint to this Court, SRC and Moody responded to the complaint by filing a Motion to Dismiss or in the Alternative Stay Proceedings and Compel Arbitration (Doc. 4). SRC and Moody contend that the claims asserted by Ace must be arbitrated pursuant to the terms of the subcontract. Ace contends the matter does not fall within the scope of arbitration as set forth in the contract entered into by the parties. Moody has also filed a separate Motion to Stay Pending Arbitration (Doc. 6), which Ace opposes.

The subcontract, which was entered into between SRC and Ace–Moody was not a party to the subcontract–includes the following condition related to arbitration: "14.1 Any

controversy or claim between the Contractor (SRC) and the Subcontractor (Ace) arising out of or related to the Subcontract, or the breach thereof, shall be settled by arbitration." (Mem. Supp. Mot. Dismiss, Ex. 1.) Relying on this provision, SRC and Moody move to compel arbitration and also seek to join Moody as a necessary party to the arbitration. To resolve the issues raised by the Motion, the court must first look to the complaint.

At its core, this suit is brought by Ace, as the subcontractor, to recover from SRC, as the general contractor, monies that it is owed for electrical work performed on the Moody Family Housing Project (the Project). However, Ace has also named Moody Family Housing LLC as a Defendant, because of its status as the owner of the Project, and has named Arch Insurance Company as a Defendant, because of its status as surety on the Project. In Count I, Ace sets forth its breach of contract claim against SRC. In addition, in Count II, Ace seeks to enforce a claim of lien against Moody, as owner of the property on which the Project is located. In Count III, Ace sets forth a claim of quantum meruit against Moody, as the party who benefitted from the work performed on the Project. Count IV is against SRC and Arch and seeks action on the payment bond. Count V is against Arch and is a statutory claim for bad faith of surety. Count VI seeks attorneys' fees and expenses from SRC, Moody, and Arch. The final count, Count VII, is against SRC and Moody and is a claim for fraud and intentional or negligent misrepresentation.

The enforceability of arbitration agreements is governed by the Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1 - 16. More specifically, § 2 provides as follows:

> A written provision in any . . . contract evidencing a transaction involving

> commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2 (West 1999). Courts construing the FAA have concluded that it was intended "to reverse longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24, 111 S. Ct. 1647, 1651 (1991). Similarly, courts have "rejected generalized attacks on arbitration that rest on 'suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be complainants.'" Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 89-90, 121 S. Ct. 513, 521 (2000) (quoting Rodrigues de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 481, 109 S. Ct. 1917, 1920 (1989)).

Here, Ace does not challenge the validity or the enforceability of the arbitration provision contained within the contract. Rather, Ace argues that there is no "controversy" as that term is used in section 14.1. Ace contends there is no controversy or claim to be resolved by arbitration because "SRC has not challenged or disputed that it owes Ace at least $917,118.53 for its work." (Pl.'s Mem. Opp'n Mot. Dismiss at 6.) Ace also contends that section 14.1 would not apply to the other Counts of its complaint. The Court disagrees.

As the Court noted previously, this case is, at its core, a claim for breach of contract, in which Ace alleges that it performed as promised under the contract, but that SRC did not. Ace's other claims against SRC all flow from the breach. As Defendants note, the "'arising from or related to' phrase contained in the arbitration clause is broad enough to encompass Ace's

3

claims" (Defs.' Mem. Supp. Mot. Dismiss at 10-11) because Ace's claims arise out of or are related to the Subcontract, or the breach thereof. As a result, Ace's claims against SRC are properly the subject of arbitration. Insofar as SRC seeks to compel Ace to arbitrate its claims against SRC, the Motion is granted

It does not necessarily follow, however, that Ace's claims against Moody are also subject to arbitration. Certainly Ace's allegations against Moody suggest that its conduct is intertwined with that of SCR. However, there is nothing in the record that suggests that by agreeing to arbitrate with SCR, Ace also agreed to arbitrate with Moody. Moreover, SCR should not be allowed to use Ace's subsequent allegations, that SCR and Moody were acting together to defraud Ace, as a means to deny Ace an opportunity to pursue its claims against Moody before a jury. Ace contends in its pleadings that SRC was the alter ego of Moody, but it did not enter into the subcontract or bargain for arbitration with full knowledge of the relationship and it should not now be forced into arbitration with Moody. Therefore, insofar as the Motion seeks to compel Ace to arbitrate with Moody, the Motion is denied. The Motion is also denied insofar as it seeks dismissal of Ace's claims.

Having decided that Ace must arbitrate with SRC, the Court must also consider whether to stay the case pending arbitration. The FAA has this to say with regard to the issue:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing that the applicant for the stay is not in default in proceeding with such

4

arbitration.

9 U.S.C.A. § 3 (West 1999). The Court has already concluded that the suit contains issues referable to arbitration. Thus, if the Court also concludes that SRC is not in default in proceeding with the arbitration, then a stay would be appropriate.

This Court finds that SRC is not in default. The record discloses that Ace initiated this lawsuit on May 25, 2007, by filing a complaint in the Lowndes County, Georgia, Superior Court. Defendants promptly removed the case to this Court and, immediately thereafter, filed the Motions at issue here, seeking, among other things, to compel arbitration. Nothing in the record suggests that SRC has taken any action which would put it in default in proceeding with the arbitration. Nor is the Court persuaded that Ace would be prejudiced by the delay resulting from a stay. *See, e.g.*, Carolina Throwing Co. v. S & E Novelty Corp., 442 F.2d 329, 330-31 (4th Cir. 1971) (holding that filing of an answer and counterclaim and waiting three months to file motion for stay did not result in default, and further holding that court must find prejudice to the objecting party before denying stay). It thus appears to the Court that this case should be stayed, and SRC's Motion is granted insofar as it seeks a stay of the proceedings pending arbitration. Moody's Motion to Stay Pending Arbitration (Doc. 6) is, therefore, granted.

In conclusion, the Court finds that dismissal of Ace's claims is not appropriate, but arbitration with SRC is appropriate, and a stay is warranted. Therefore, Defendants' Motion to Dismiss or in the Alternative Stay Proceedings and Compel Arbitration (Doc. 4) is granted, in part, and denied, in part. Defendant Moody's Motion to Stay Pending Arbitration (Doc. 6) is granted.

**SO ORDERED**, this the 17th day of December, 2007.

                                                        s/ Hugh Lawson
                                                       **HUGH LAWSON, JUDGE**

mls